■ In the Matter of the Estate of EUGENE T. DEVINE, Deceased. EGAN & BLISS, Appellants; KAY DEVINE, as Administratrix, Respondent.— Order, Surrogate's Court, Bronx County, entered on June 8, 1972, fixing fees for the legal services rendered by the appellants, affirmed, without costs and without disbursements. Concur — Nunez, J. P., Kupferman, Murphy and Steuer, JJ.; Capozzoli, J., would modify the order so as to increase the total compensation of the appellants to $1,500.

■ TERENCE MATHEWS et al., Respondents, v. JOHN S. HILSON, Appellant. — Judgment, Supreme Court, New York County, entered on July 18, 1972, unanimously reversed, on the law and on the facts and vacated, and a new trial on the issue of damages granted, with $60 costs and disbursements to abide the event, unless the plaintiff Terence Mathews within 20 days of service upon him by the defendant-appellant of a copy of the order entered hereon, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $200,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended and reduced, is affirmed, without costs and without disbursements. In our opinion the amount awarded by the jury was excessive and a verdict in excess of the amount indicated is not warranted on this record. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Capozzoli, JJ.

■ In the Matter of KEYSTONE STEVEDORING CO., INC., Appellant, v. MARTIN MEISEL, Individually and as President of Port Watchmen's Union — Local 1456, I.W.A. of the Port of New York and Vicinity, et al., Respondents.— Judgment, Supreme Court, New York County, entered on November 24, 1972, unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. (See Matter of Willard Alexander, Inc. [Glasser], 31 N Y 2d 270.) The stay granted by order of this court entered on January 9, 1973 is vacated. No opinion. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ In the Matter of THOMAS WHITE, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Respondent.— Determination of respondent State Commissioner of Social Services, dated May 24, 1972, affirming determination of the New York City Department of Social Services, unanimously annulled, on the law, and the proceeding remanded for rehearing, without costs and without disbursements. That determination directed reduction of petitioner's assistance grants in such amounts as would recoup an allegedly fraudulent duplicate payment made to petitioner on his claim of theft of the original check from his mail box. It was held after hearing that the evidence established that petitioner himself had cashed the original check, this although no expert handwriting evidence was adduced to establish that the indorsement was petitioner's. (See Boyd v. Wyman, 39 A D 2d 874.) The check was cashed elsewhere than at petitioner's usual place, and it appears that there is at least a question, not pursued at the hearing where petitioner was without counsel, as to whether the identification number noted on the check at the time of cashing was that of the petitioner. In the circumstances, it cannot be said that the determination was based on substantial evidence to sustain the finding of fact here made. A new hearing is required, at which there may be inquiry as to the identification number, and appropriate expert handwriting evidence, should the authenticity of the signature continue to be an issue. It should go without saying that should fraudulent duplication not be proven at the rehearing, petitioner would be entitled to be reimbursed for the recoupment, the full amount of which has been paid by means of the deductions ordered by respondent. Concur — McGivern, J. P., Markewich, Nunez, Lane and Tilzer, JJ.